United States District Court
For the Northern District of California

1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                SAN JOSE DIVISION

10   Jeffrey R. Silverman,                        NO. C 09-00543 JW

11                    Plaintiff,                   **ORDER GRANTING DEFENDANTS
            v.                                     COUNTRYWIDE HOME LOANS, INC.
12                                                 AND RECONTRUST COMPANY, N.A.
     Kenneth D. Lewis, et al.,                     MOTION TO DISMISS WITH
13                                                 PREJUDICE**
                     Defendants.
14   _____/

15        Presently before the Court is Defendants Countrywide Home Loans, Inc. and ReconTrust

16   Company, N.A.'s (collectively, "Defendants") Motion to Dismiss.[1]  Defendants seek to dismiss

17   Plaintiff's Complaint on the ground that each cause of action is premised on a non-actionable theory

18   that loans received by Plaintiff were made using currency that does not have intrinsic value.  The

19   Court conducted a hearing on March 30, 2009.  Counsel for Defendants were present.  There was no

20   appearance from Plaintiff.[2]

21        On October 24, 2008, Plaintiff originally filed this action against numerous defendants in

22   Superior Court for the County of Santa Clara alleging, *inter alia*, that a loan he obtained for his

23   home should be set aside and violations of the Racketeering Influenced and Corrupt Organizations

24

25

---

26        [1] (Notice of Motion and Motion of Defendants Countrywide Home Loans, Inc., and
     ReconTrust Company, N.A. to Dismiss Pursuant to Federal Rules of Civil Procedure 8, 9(b), and
27   12(b)(6), hereafter, "Motion," Docket Item No. 6.)

28        [2] In fact, Plaintiff, proceeding *pro se*, to date has not opposed Defendants' Motion.

United States District Court

For the Northern District of California

1    Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*[3]  (Notice of Removal, Ex. A, hereafter, "Complaint,"

2    Docket Item No. 1.)  On February 6, 2009, Defendant Countrywide Home Loans, Inc. removed this

3    action under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331.  (Notice of Removal ¶¶ 7-8, Docket Item

4    No. 1.)

5         Defendants contend that Plaintiff's entire Complaint should be dismissed because each cause

6    of action is based on Plaintiff's allegations that loans made using non-redeemable Federal Reserve

7    Notes are illegal and, therefore, do not require the borrower to pay back the loan with something of

8    value.  (Motion at 3-4.)

9         Plaintiff, in relevant part, alleges the following:

10        On or about the 31st of October, 2006, Plaintiff contracted with Countrywide Home
          Loans, Inc. for a loan of money in the amount of [$832,500].  (Complaint ¶ 12.)

11
12        The Promissory Note does not specify whether it was to be paid with money
          denominated in Federal Reserve Notes or other Negotiable Instruments.  (Complaint
          ¶ 13.)
13
          On March 6, 2008, Plaintiff received a Notice of Default and Election to Sell Under
14        Deed of Trust from ReconTrust Company, N.A.  (Complaint ¶ 14.)

15        On September 2, 2008, said property went to trustee's sale and sold back to the
          Beneficiary.  (Complaint ¶ 18.)
16
          As a matter of practice and usage the only functional currency in circulation and use
17        today is non-redeemable Federal Reserve Notes.  When Plaintiff applied for the loan
          and was funded on the loan, he understood and believed he was being loaned
18        "money," meaning money of exchange that was redeemable and had intrinsic value;
          when in reality he was purchasing credit from the Federal Reserve, through the
19        lender, in the form of Negotiable instruments, or specifically, Federal Reserve Notes.
          (Complaint ¶ 25.)
20
     Plaintiff also alleges that
21
          [t]his Plaintiff and all of the good people of Santa Clara County, the State of
22        California, and the United States are the pointed targets of a conspiracy by Mortgage
          Defendants and other banking corporations, to reduce the people of America to a
23        class of obedient and broken slaves in a society with substantially less constitutional
          rights and in a mirror image likeness to that of Nazi Germany or the previous Soviet
24        Union.  (Complaint ¶ 76.)

25   _____

26        [3]  Plaintiff alleges twelve causes of action: (1) To Set Aside Foreclosure Claim and
     Foreclosure Sale; (2) Failure of Consideration; (3) Usury; (4) Breach of Contract; (5) Ultra Vires;
27   (6) Indefiniteness of Contract; (7) Unconscionability; (8) Fraud; (9) Cancellation; (10) Following
     Trust Property Into Its Product; (11) Violation of RICO; (12) Criminal Wrongdoing.

28
                                                  2

United States District Court

For the Northern District of California

Although somewhat difficult to comprehend, the crux of Plaintiff's Complaint appears to be that the "money" that he was loaned was intrinsically worthless, and therefore not the sort of money he thought he was bargaining for. On that basis, his loan and the subsequent foreclosure on his home are illegal.

Plaintiff's theory of liability has been referred to as the "vapor money theory." See Frances Kenny Family Trust v. World Savings Bank, No. C 04-03724 WHA, 2005 U.S. Dist. LEXIS 2403, at *2 (N.D. Cal. Jan. 19, 2005). Vapor money claims challenging the legitimacy of a loan have "no basis in law. [They have] been squarely addressed and rejected by various courts throughout the country for over twenty years." Frances Kenny Family Trust, 2005 U.S. Dist. LEXIS 2403, at *15. Here, each of Plaintiff's causes of action is based on his vapor money theory. Thus, the Court finds that none of Plaintiff's causes of action are cognizable as a matter of law.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss. Although leave to amend should be granted with extreme liberality, the Court finds that Plaintiff will not be able to cure the defects of his Complaint. Thus, Plaintiff's Complaint is dismissed with prejudice. Judgment shall be entered accordingly.

Dated: April 7, 2009

_____
JAMES WARE
United States District Judge

3

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Brian James Recor brian.recor@bryancave.com
Brian James Recor brian.recor@bryancave.com
3  Christopher Louis Dueringer cldueringer@bryancave.com
Robert E. Boone reboone@bryancave.com
4
Jeffrey R. Silverman
5  416 S. Monroe
San Jose, Ca 95128
6

7
**Dated:  April 7, 2009**                          **Richard W. Wieking, Clerk**
8

9                                                   **By:____/s/ JW Chambers_____**
                                                        **Elizabeth Garcia**
10                                                       **Courtroom Deputy**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28